IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSICA PERALTA                   :

                                  :

      v.                          :    Civil Action No. DKC 24-3581

                                  :

SMITTY DOG ENTERPRISES, INC.      :

                                  :

**MEMORANDUM OPINION**

**I.  Background**

Plaintiff Jessica Peralta ("Plaintiff") filed this action originally in the Circuit Court for Montgomery County, Maryland on October 22, 2024, against her former employer, Smitty Dog Enterprises, Inc. ("Defendant").  The complaint asserts claims for gender-based discrimination, retaliation, and hostile work environment and harassment.  The complaint primarily relies on state law but there is one reference to Title VII of the Civil Rights Act of 1964 in ¶ 21.[1]  Defendant was served on November 12, 2024, and removed the case to this court on December 11, 2024, on the basis of federal question jurisdiction, specifically, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq*. and the Americans with Disabilities Act of

---

[1] Defendant's Notice of Removal seems erroneously to describe a different complaint, one that explicitly relied on federal statutes in ¶¶ 2, 3, and 11.  The only complaint filed in this court refers to federal law only in ¶ 21.

1990 ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq*. Defendant filed an Answer on December 18, 2024 (ECF No. 6) and the court issued a Scheduling Order on December 19, 2024. (ECF No. 7).

Plaintiff filed a motion for the voluntary dismissal of this action on January 10, 2025. (ECF No. 9). She states that her Complaint is premised on claims under Maryland law and that any reference to Title VII was erroneous. She requests dismissal so that she may re-file in the Circuit Court for Montgomery County, Maryland. Defendant filed a response in opposition on January 24 (ECF No. 10) and Plaintiff filed a reply on January 27 (ECF No. 11). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be construed as a motion to amend. So construed, the motion will be granted, and the case remanded to the Circuit Court for Montgomery County, Maryland.

Defendant does not oppose dismissal in theory, but requests that Plaintiff's federal claims be dismissed with prejudice. (ECF No. 10). Defendant argues that in receiving Defendant's Rule 26(a)(1) disclosures and interrogatory and document requests, Plaintiff was provided insight into Defendant's position and that it would be unfair if Plaintiff re-pleads federal claims at some

future point causing Defendant to incur the cost of removal
proceedings a second time.

Plaintiff contends in her reply that Defendant's arguments do
not warrant denying her motion or dismissing any federal claims
with prejudice. (ECF No. 11). She filed the instant motion prior
to the filing of any substantive motion and any removal costs
Defendant incurred are customary.

## II. Analysis

The Supreme Court of the United States issued an opinion
recently holding that when a plaintiff amends her complaint to
delete the federal-law claims that enabled removal to federal
court, leaving only state-law claims behind, the case must be
remanded to state court. *Royal Canin U.S.A., Inc. v. Wullschleger*,
604 U.S. _____, 2025 WL 96212 (January 15, 2025). The holding is
succinctly described in the first two paragraphs:

> If a complaint filed in state court asserts
> federal-law claims, the defendant may remove
> the case to federal court. See 28 U. S. C. §
> 1441(a). And if the complaint also asserts
> state-law claims arising out of the same
> facts, the federal court may adjudicate those
> claims too, in the exercise of what is called
> supplemental jurisdiction. See § 1367.
>
> This case presents a further question: What
> happens if, after removal, the plaintiff
> amends her complaint to delete all the
> federal-law claims, leaving nothing but state-

> law claims behind? May the federal court still adjudicate the now purely state-law suit? We hold that it may not. When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.

*Royal Canin U. S. A., Inc.*, 2025 WL 96212, at *3.

So, too, in this case. Plaintiff has clearly moved to dismiss any reference to federal law from her complaint. While she also moves to dismiss the state law claims, she does so only so that she can refile them in state court. As a pro se litigant, and given the recency of the Supreme Court decision clarifying the law in this situation, it is understandable that she proposed that course of action. There is a more direct route, however. The court will construe her motion as a motion for leave to amend to delete the reference to Title VII in ¶ 21 and will grant the motion. Once done, this court lacks supplemental jurisdiction over the related state law claims and the case will be remanded to state court.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for voluntary dismissal is construed as a motion to amend and granted. The case

will be remanded to the Circuit Court for Montgomery County, Maryland.  A separate order will follow.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge